Counsel, you may proceed. Thank you. Good morning, Your Honor. I'm Roderick Walson. I represent the appellant in this case, the Desert Water Agency, and I would like to reserve some time for rebuttal. You control your time, counsel. Just watch the clock. Sorry? I said you control your time, counsel. You watch the clock. Okay, thank you. This case raises two primary questions concerning standing and ripeness. The first question is whether the regulation adopted by the Bureau of Indian Affairs preempts Desert Water Agency's charges as applied on the Indians' lease lands. And the second question is whether, assuming that a preemption has occurred, whether Desert Water Agency has standing and meets ripeness requirements with regard to its action. And I plan to address the issues in that order. Turning first to the preemption question, the charges that are imposed by states or their political subdivisions. But has any of the bills which you have sent out been rejected? In other words, is there any recipient who has refused to pay? Not to my knowledge. That's what troubles me about the standing argument. I appreciate Your Honor's point. It goes right to the standing question and I will proceed to address the standing question. Yeah, you have to show some injury in fact. So what's your injury in fact? And in our view, the injury in fact suffered by Desert Water Agency is the fact that its charges as applied on Indian lease lands have been preempted by a federal regulation. And in our view, the preemption of a state's charges as applied to, under any bring an action challenging a regulation that has that preemptive effect. Okay, but when you say that, I'll go ahead. Oh, sorry. No, you go ahead. What has the department done to assert preemption? They haven't taken any action. There's no filing of any claims or anything like that. It's simply a statement which according to them, and we'll hear from them, is simply an explanation of present law. Well, I don't, first of all, I don't think it's correct to say it's just simply a statement of present law. That's their contention. Right, yes. The Secretary of the Interior in the Federal Register notice explained the purpose of the regulation. The Secretary said first that the Bracker balancing test applies in determining whether Desert Water Agency's charges are preempted. And then secondly, this is the important part, that under the Bracker balancing test, all state charges and taxes are preempted. Listen to the language. But the fact that the Secretary of the Interior agrees that Section 162.017 does not preempt state laws, doesn't that show that there is no adversity here and no case or controversy? The United States has made that argument in its brief. Our point is that the United States argument in this brief is inconsistent with what the Secretary of the Interior explicitly said, explicitly said at the time of the regulations adoption. Well, I guess it's, I always like try to think why are people here besides of the legal issues? And it's occurred to me that, all right, if you can't show any eminent injury in fact, and the Department of Interior agrees that Section 162.017 does not preempt state law, are you just trying to get them here on the record to say something so in the future? No, we, in our view, the regulation does have a preemptive effect and we believe we have standing to challenge the regulation for that reason. The Supreme, the Ninth Circuit has said in a case that is very similar to this, the name of, the name is Colorado River Indian Tribes versus Town of Parker and it was decided in 1985. Facts are very similar in this case. In that case, the Town of Parker had liquor regulation laws, a tribe, an Indian tribe adopted an ordinance that prohibited those laws from being applied on the reservation. The question was whether the Town of Parker had standing to bring its action and the Ninth Circuit held, in that case, that the Town of Parker did have standing to bring its action because, and I'm quoting from the court now, this is the Ninth Circuit's decision, the tribe's action in prohibiting the application of its charges, quote, threatened injury to its proprietary interest in collecting revenues and possibility of actual injury to its ability to function as a municipality in regulating persons and properties within its regulatory control. So that case is very similar to this case and the Ninth Circuit, in that case, held that the Town of Parker did have standing even though, even though the regulation or the tribe's ordinance had not actually been applied. It said that the Town of Parker had standing simply because the regulation on its face precluded the the Town of Parker from applying its laws and regulations. Now how does the United States respond to that? Their argument is not that Town of Parker is not on all fours. Their argument is instead that Town of Parker doesn't apply here because the court, in that case, adopted an incorrect standing of the Supreme Court has adopted a different standing standard subsequently to Town of Parker. But that's not correct. And in fact, there are recent Ninth Circuit decisions, two decisions cited in our brief, in which the Ninth Circuit has cited Town of Parker as establishing the standing standard that applies in a case like this. So in our view, you don't have to show, if you're a town or a municipality or a state, you don't have to show that the federal government is coming after you and trying to apply its charges or prevent you from doing whatever you're authorized to do. Rather, the fact that the government has adopted a regulation that has a preemptive effect itself causes the harm and the injury of which we complain. Okay, is section 162.017 an interpretive rule or a legislative rule? I'm not sure quite how to answer that. It's a regulation adopted by the Interior that, in the Department of the Interior's view, simply clarifies existing law, but in our view, effectively adopts a new law. And the reason is that... So are you saying it's legislative? Well, we would say that it is in this sense, that we believe we have the right to apply our charges on the tribe's reservation under the so-called Brecker balancing test, and that the regulation preempts our authority to do that, and therefore that the regulation is invalid because it preempts us from doing what we're authorized to do under federal law itself. Counsel? Judge Rollins? Yes, hello. Hi. So in your view, what is the introductory phrase, subject only to applicable federal law? What does that do to your preemption argument, if anything? That's a very good question. That is, of course, the caveat that starts at the very beginning of the regulation. We're not quite sure what to make of that. So what we have done is we have pled our claims in the alternative. On the one hand, we said, with that caveat, we think our charges would be applicable because they're applicable under the balancing test established by the Supreme Court. But if on the other hand... But with that language, can you say then unequivocally that there is a preemption? I'm sorry? Considering that language, can you say unequivocally that there is preemption? Well, I would say this. The Secretary of the Interior has disregarded that language in the Federal Register notice. The 11th Circuit Court of Appeal, in the Seminole Tribe case, also had the same regulation before it. And in that case, the 11th Circuit also said that the regulation, on its face and as interpreted by the Secretary of the Interior in the Federal Register notice, does preempt all state taxes and charges on Indian lease lands. And again, the 11th Circuit, like the based on the fact that these particular charges might be valid under applicable federal law. So what I would say... But that's the difficulty with that decision. It did not consider that prefatory language. Well, the Secretary of the Interior basically disregarded it. So in our view, that language has no force and meaning and effect under the federal law. What I would say is that the 9th Circuit would have the option of avoiding reaching the preemption question by holding that our charges are valid because they fall within the category of applicable federal law. And therefore, the regulation doesn't have a preemptive effect. But that's not the position taken by the Secretary of the Interior in the Federal Register notice. It's not the position taken by the 11th Circuit in the Seminole Tribe case. Now, what about our own case of federated tribes of Chehalis Reservation versus Thurston County? Well, the court... Footnote in that case, as I recall... Yes, footnote six. Had a... Mentioned the regulation, but that regulation was brought before the court at the last minute after the briefing had been completed. And so the court... But doesn't it say that that section merely clarifies and confirms what existing law already conveys? Well, yes, it says that. If that is what federal law does, the regulation certainly has a preemptive effect. Therefore, we would argue that we have the right to challenge federal law that is being clarified by the regulation if federal law that is being clarified has a preemptive effect. In other words, our point is that federal law, as interpreted by the Department of the Interior, preempts our charges as applied here. That is our argument. And because it has that preemptive effect, we think we have standing simply by virtue of the preemptive effect of the regulation. And there's not a single case cited by the United States, and none of which I am aware, which has ever held that a state does not have standing to challenge a regulation that preempts its laws, regardless of whether the regulation has been applied by the federal government to the state. There's not a single case that holds that. The United States has cited no case that holds that. But on the other hand, we have cited numerous cases in our brief that hold just the opposite, that where a federal regulation does preempt state law, then under those circumstances, the state has standing to challenge the regulation. And the courts in all of those cases that we've cited have never held that the state cannot bring its action until the federal government takes some action to try to apply or enforce its regulation against the state. We've cited numerous cases, including the case of Colorado River Tribes versus Town of Parker, which I just mentioned. The case of Alaska versus the Department of the Treasury, decided by the District of Columbia, Court of Appeals for the District of Columbia. We cited that in our brief. The United States has provided no response, not even mentioned that case in its reply. Other cases... I'll see you down to under three minutes, in case you wish to reserve. Okay, I would like to reserve my time. You may do so. Thank you. We'll hear from the Department. Good morning, Your Honor. I'm Matt Littleton from the Department of the Interior. May it please the Court. The sole question in this case is whether the District Court properly dismissed for lack of jurisdiction, and the District Court did so. And the reason... This case can start and end with an examination of the injury and fact requirement under Article III. As counsel for Desert Water Agency has conceded again this morning, it has continued to assess the charges in question. The non Indian lessees have continued to pay. And we're now going on four years after this regulation was issued, and this hasn't actually affected Desert Water Agency. And so if it lacks... Well, they seem to be afraid of what's going to happen and what the position of the Department is. And I can't say... I've noticed that when there's a change in administration, sometimes departments do take inconsistent... They change their positions. And he seems to say that the Secretary's taking a different position than what you're taking in your brief. I don't know. So is it your position that 16.017 has no preemptive force? Well, so let me just start out by saying, Your Honor prefaced the question by saying they seem to be afraid of the... They have a cloud of uncertainty related to this regulation. But the Supreme Court has said repeatedly in cases like Texas versus United States, National Park Hospitality Association, that mere uncertainty in the law does not give rise to an Article III case or controversy. And that, again, that should end the case without an examination of the precise effect of the regulation. But to get... But you argue that it doesn't preempt state law, so there's no adversity and therefore no case or controversy. So that does sort of link back to the standing issue. Well, I think that even if the regulation, even if the Department of the Interior had taken the position that the regulation was directly preemptive, which it hasn't, but even if it had, there's no enforcement mechanism in the regulation. And the Department of the Interior didn't invoke a particular delegation of preemption authority from Congress. And so the ultimate question would reside with a court in an appropriate dispute to conduct the BRAC or balancing analysis, which considers, among other things, the state's interest in assessing a particular tax, which is something that clearly neither the regulation nor the preamble sought to address. And the 11th Circuit's decision in Seminole Tribe is instructive here. What the 11th Circuit said was, look, what the Department of Interior did was basically articulate its own view of the federal interest in this area in a general sense. It did not conduct the sort of particularized inquiry that's required under BRAC or... And that inquiry needs to be conducted on a particularized basis once a case or controversy arises. Now, in that case, what happened was you actually had a tribe, a non Indian lessee, that said, no, we're not going to pay your charges. And that gave rise to an Article III case or controversy. And that may well happen here, although, as I said earlier, we're now going on four years, it hasn't happened yet. So I'm still hearing a little bit of government speak, where the government trusts us, we're here to help. So what is your position on whether it has preemptive force? So Section 162.017 does not operate to preempt any state charges. Are you speaking for yourself or is that... Speaking for the Department of the Interior, and that's what we told the district court, that's what we explained in our brief, that's what we've explained in briefs filed in other cases. It does not operate to preempt the charges. What it does is says, here's the federal interest in this general leasing area. And the Department of Interior has that general view and may, if confronted with the question, take a specific position as to whether a particular charge is preempted in the future, if that comes up, but the Department of the Interior simply hasn't been presented with it. So what we have not taken a position on, and I wanna be clear on this, is whether any of DWA's charges are preempted under any source of law. That's a question that the department was not confronted with in the administrative process. But you're saying it's not preempted under the regulation. Yes, that's right. The regulation itself, which is the only thing that's been challenged here, does not operate to preempt. So is the regulation interpretive or legislative? It's certainly not legislative and to call it interpretive, I think perhaps would go a little bit too far even. It's more akin to the sort of statement you saw in National Park Hospitality Association, where the Supreme Court said, look, this is a case where the agency in question did not have the direct enforcement authority. There really wasn't... The dispute wasn't right, there was no standing, the inquiries sort of mesh in this context. But the Department of the Interior... Keep in mind, these charges are being assessed by DWA on non parties to this case. And the question... The Department of the Interior is not saying, we can go out and say, no, DWA, you have to stop imposing these charges. The Department of the Interior simply issued regulations related to its administration of leases between tribes and non Indian lessees, again, neither of which are party to this case. And there may be a situation where DWA can bring a suit or the tribe or a non party Indian lessee can bring a suit against DWA to dispute the applicability of these charges, but that's not the case we have here. And that's the point, is that at the end of the day, DWA, what they're trying to do is get around the ban on advisory opinions by simply saying, well, on the one hand, our first claim is, we don't think this preempts. And in other litigation involving the Agua Caliente tribe, they've cited to the language that Judge Rawlinson pointed out about subject only to applicable federal law, and they say, this gives us an out, this means that our charges are not preempted. So that's their primary position. And if that's right, then there's clearly no case or controversy here. But what they've done now in order to try to manufacture a case or controversy is essentially drop that claim and say, no, no, no, it does preempt, even though that position is inconsistent with everything that they've done for the past four years. And so you could make that argument with respect to any regulation, say, we don't think this regulation does X, but if it does do X, then it should be set aside and thereby get into court when there actually isn't any sort of injury in fact that's been suffered. Well, your brief suggests that preemption is determined by the application of bracker by judges. But isn't it true that federal laws and regulations have preemptive force, not judges? Am I splitting hairs with you or... Well, I think there's two... It's important to distinguish between sort of general federal... General preemption law and the Supreme Court's decision in bracker goes into this. There's general preemption law where Congress delegates preemptive authority to an agency and an agency can thereby issue a preemptive regulation. And then there's the sort of grayer area of preemption involving Indian law. And in the latter case, the court held in bracker and held again in a case called Cotton Petroleum that there's really a particularized analysis that is ultimately... It's a judicial question and the department is not suggesting that we would get something akin to Chevron deference on the ultimate preemption question. What we are suggesting is that when a court is conducting that analysis in a proper case where there is an Article III case or controversy, when looking to the federal interest portion of that analysis, the court would then have before it, because Interior may not be involved in that case depending on how it arises, will have before it Interior's statement of what it thinks the federal interest is generally in this area of leasing on reservation lands. And so that's all the regulation purports to do. The fact that it was published in the Code of Federal Regulations doesn't change its character into something that has direct preemptive effect. And so I just go back to the basic point. The easiest way for the court to resolve this case is simply to point out, as DWA has admitted, they're continuing to assess the charges, the non Indian lessees are continuing to pay them. The only reference prior to the complaint in the declarations is a letter from the tribe saying, Hey, we think you're regulate... We think that the particular charges that you're assessing are preempted. Tell us what you're gonna do about that. Nothing further. If anything, that would give rise to a suit against the tribe. That would be perhaps a closer question, although... Let me change it a little bit. Like you're saying, DWA. DWA? It doesn't have standing. Does the state have standing to challenge a federal law that in the absence of an alleged concrete harm caused by preemption, such as reduced revenue? Well, I guess in the absence of that harm you're saying? No. If there's no Article Three injury in fact, then a state does not have... Then Article Three injury is a hard floor, the Supreme Court has said repeatedly in cases like Lujan versus Defenders of Wildlife. But they could say reduced revenue. If they said it preempts, it would be reduced revenue to them. Would a state be able to do that? If the state said... If the regulation said, Congress has given us authority to preempt, we are hereby preempting your law. The question is, could the state get pre enforcement review if there was an enforcement mechanism? Yes, I suppose it could, but that's not the case we have here. What we have here is a regulation issued in a context where the department is not saying Congress has given us preemptive authority. The department is not saying we have enforcement authority to directly preempt your charges. The department is not the one on whom the charges fall. And so this is three steps removed from the situation Your Honor is positing. But to get back to your initial question, the fact that Desert Water Agency is a subdivision of the state of California does not alter the standing analysis. Article Three is a hard floor. They need to show that they have suffered an Article Three injury in fact. And all that they've said in their declarations is, well, if it turns out that the regulation is preemptive, then we'll have suffered injury. But that's a big if. And what they're trying to do is essentially get judicial review in the face of uncertainty. And if this court were to allow that, it would open up a whole host of cases, not only with respect to this regulation, where nearly every tax assessor would be in the same position and could bring the dispute before the court, but also all sorts of other regulations that agencies issue that have ambiguities of one form or another. But I think... Counsel? Yes, Your Honor. Do you agree with opposing counsel that the agency in the Federal Register interpreted the regulation as preempting state taxes? No. What the agency did was start out by, in the preamble, start out by saying, this is a question for resolution under the three factor balancing test, which includes federal, state, and tribal interests. The department went on to explain that it viewed that there was a very strong federal and tribal interest, generally, in this area that covers the field. But the department did not go on to examine, with respect to any particular charge, the state interest and conduct the particularized inquiry under Bracker. And so... Well, the language sounds an awful lot like preemption on page 72447, where it says, the federal statutory scheme for Indian leasing is comprehensive and accordingly precludes state taxation. In addition, the federal regulatory scheme is pervasive and leaves no room for state law. Federal regulations cover all aspects of leasing. Why isn't that preemptive language? Well, I think what the department is saying there... So first of all, I would say you have to read that language in combination with what precedes it. And Desert Water Agency, in its own complaint, read that language in combination with what precedes it, which is, it is subject to existing law, i.e. the three factor Bracker balancing test. But secondly, I concede, Your Honor, that if you take that... If you just took that portion, it would suggest that the department was making a broad statement about preemptive effect, not of the regulation itself, but of the general federal presence in this area and the strong tribal interest. But it did not... The point is, it did not do that with any particular tax. And the department made clear in its... Through the caveat in its regulation and through the previous discussion in the preamble, that it was not making a final statement as to preemption. But... And I would say that... Did the 11th Circuit come to the same conclusion that you're articulating now? That the agency did not express a preemption intent? The 11th Circuit said that the Department of the Interior applied Bracker generally except for that portion that deals with individual state taxes. And the 11th Circuit's decision is illustrative because what it did at the end of the day was to say that, look, under the Bracker balancing test, one form of tax in one form wasn't. And by conducting an analysis, the Department of the Interior simply did not conduct and wasn't presented with. And so in a proper case where there is an actual concrete dispute between a taxing entity and the taxpayer on whether a tax is properly assessed, this court may be forced to confront the question with respect to any particular tax, but that hasn't become before the court in this case. But I think that... If there's no enforcement mechanism, what's the purpose of the regulation then? The purpose of the regulation, Your Honor, as I've said earlier, is the three... In the three factor Bracker test, one of the components is the federal interest. And if this comes up, as it may, in a dispute between a taxing authority and a taxpayer, the Department of the Interior is not gonna be a necessary party to this case. It may not have the resources to get involved in an amicus or intervener type situation in all of these cases. But what the Department of the Interior has done through this regulation is to issue a statement about its view of the federal interest. And to say that the Department of the Interior, by saying what its interest is, is thereby preempting is a step too far, and the district court got that right. And so in conclusion, Your Honor, I would just say that the simplest way to resolve this case is really... You don't even need to get into the preemption question at all. All you need to look at is what is the injury that Desert Water Agency has suffered as alleged in its own complaint and declarations, and it hasn't alleged. Thank you, counsel. Your time has expired. Thank you. Mr. Wilson, you have some reserve time. I'd just like to pick up on what Judge Callahan asked the United States Attorney in asking, does Desert Water Agency have standing because it alleges in its complaint that because of the regulation it is not able to obtain revenues that are necessary to acquire water supplies to supply its customers. In our view, the... But is there a showing of that? Have you actually sustained losses? Oh, we have. I don't believe we need to at the pleading stage, Your Honor. We've made an allegation on our complaint that we do not have the ability to obtain revenues under the preemption of the regulation. Well, if in fact there is preemption, if it has been exercised against you. Right. But at the pleading stage, at this stage, all the courts have held, the Supreme Court and the Ninth Circuit have held, that general factual allegations are sufficient to establish standing, that the allegations in the complaint are taken to be true, and that the facts must be construed most favorably to the sustaining of the complaint. So because of the nature of the fact that this comes up in the pleading stage, these allegations that were referenced by Judge Callahan have to be accepted as true. Now, the United States in response to Judge Rawlinson's question, Judge Rawlinson asked whether the United States disagrees with our statement that the Secretary of the Interior interpreted the regulation as having a preemptive effect. And the United States said that if the statement is taken in isolation, the answer is yes, but if you consider what precedes it, then the answer is different. But there's nothing preceding it that says anything different from what Judge Rawlinson quoted. The entire Secretary of the Interior Federal Register notice is before this court. There is no equivocation or qualification in anywhere in that statement by the Secretary of the Interior that maybe under some circumstances, state taxes and charges might be valid. Nowhere does the Secretary ever say that. The Secretary instead explicitly said, as Judge Rawlinson quoted, that the federal regulation and federal laws preempt and occupy the field and that there is no room for state taxation. Judge Rawlinson also asked the United States about how the 11th Circuit in the Seminole Tribe case interpreted the regulation. And as I said earlier, this 11th Circuit interpreted the regulation as having a broad and absolute and unqualified preemptive effect. Didn't even mention that caveat that Judge Rawlinson mentioned earlier. In fact, the 11th Circuit said, and I will quote now, that the regulation, quote, expressly provides that leasehold or possessory interest is not subject to state taxation, that the Secretary of the Interior's Federal Register notice outlined the Bracker test and then applied it generally, that the Secretary of the Interior applying the balancing test concluded that, quote, federal law occupies and preempts the field of Indian leasing. Thank you, Counselor. We can read the rest of it from the case itself. Regarding the... But, Counselor, your time has expired. It is? Yes. I thought I had 52 seconds for it. You have exceeded your time by 52 seconds. Okay. I'm sorry about that. That is one defect in our clock system. I wish we could have taken care of that. But once you get down to zero, it keeps on going, but those are negatives, not positives. Okay. For those of you who are going to argue later. It's over time. Thank you, Counsel. The case just argued will be submitted for decision.
judges: O'scannlain, Rawlinson, Callahan